UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANYA BALL,

    Plaintiff,

v.

CASE NO. 6:14-cv-1747-ORL-22TBS

GULF COAST COLLECTION BUREAU, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, TANYA BALL ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GULF COAST COLLECTION BUREAU, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d) and 28 U.S.C. § 1331.

3. Defendant conducts business in the State of Florida thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the acts and transactions giving rise to this action occurred in this district, as Plaintiff resides in this district, and as Defendant transacts business in this district.

## PARTIES

5.      Plaintiff is a natural person who at all times relevant resided in Orlando, Orange County, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

7.      Defendant is a business entity with an office located at 5630 Marquesas Cir., Sarasota, FL 34233.

8.      Defendant at all times relevant was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Prior to the filing of this action, Defendant acquired an account, Account Number 777XXXX, to collect funds from Plaintiff which were alleged to be owed and past due ("Account").

12.     The funds owed on the Account arise from transactions which were for personal, family and/or household purposes.

13.     In April 2014, Defendant reported to Equifax, a credit bureaus, the Account status as "Charge off or Collection."

14.     *See* copy of Plaintiff's credit report, redacted, dated April 30, 2014, attached hereto as Exhibit A.

15. On May 1, 2014, Plaintiff sent written correspondence to Defendant disputing the Account and requesting additional information regarding same.

16. The May 1 correspondence was received by Defendant on May 5, 2014.

17. *See* copy of correspondence from Plaintiff to Defendant dated May 1, and print out from United States Post Office website confirming delivery thereof on May 5, attached hereto as Exhibit B.

18. Defendant did not send Plaintiff any documents to validate the Account.

19. In August 2014, Defendant continued to report the status of the Account with Equifax as "Unpaid."

20. *See* copy of Plaintiff's Equifax credit report, redacted, dated August 20, 2014, attached hereto as Exhibit C.

21. Defendant knowingly, willfully and voluntarily made false statements and provided false information to Equifax regarding the account.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692e(2) by communicating a false representation of the amount, character, or legal status of the alleged debt; and

   b. Defendant violated § 1692e(8) of the FDCPA by communicating false credit information, including the failure to report that the alleged debt is disputed

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

23. Any actual damages suffered pursuant to 15 U.S.C. § 1692k;

24. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

25. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

26. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

28. Defendant violated the FCCPA based on the following:

   a. Defendant violated § 559.72(6) of the FCCPA by disclosing information concerning the existence of a debt known to be reasonably disputed by Plaintiff without disclosing that a debt was disputed.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

29. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

30. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

31. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone:  (323) 988-2400 x 267
Fax:    (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff
Florida Bar No. 0882461